BEVERLY BOULEVARD LLC, a California limited liability company, Plaintiff–Appellee,

v.

CITY OF WEST HOLLYWOOD, a California municipal corporation; West Hollywood Community Redevelopment Commission, a political subdivision of the City of West Hollywood, Defendants–Appellants.

Beverly Boulevard LLC, a California limited liability company, Plaintiff–Appellant,

v.

City of West Hollywood, a California municipal corporation; West Hollywood Community Redevelopment Commission, a political subdivision of the City of West Hollywood, Defendants–Appellees.

Beverly Boulevard LLC, a California limited liability company, Plaintiff–Appellant,

v.

City of West Hollywood, a California municipal corporation; West Hollywood Community Redevelopment Commission, a political subdivision of the City of West Hollywood, Defendants–Appellees.

Nos. 05–55961, 05–55970, 05–56384.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed June 5, 2007.

Gary S. Mobley, Esq., Law Offices of Gary S. Mobley, Irvine, CA, for Plaintiff–Appellee.

Christi Hogin, Esq., Jenkins & Hogin LLP, Manhattan Beach, CA.

Before: FISHER and CLIFTON, Circuit Judges, and FOGEL, District Judge.*

### MEMORANDUM **

The City of West Hollywood appeals the district court's grant of summary judgment in favor of Beverly Boulevard, LLC, with regard to one of Beverly's claims for declaratory and injunctive relief based on the Fifth Amendment Takings Clause. Beverly cross-appeals the district court's grant of summary judgment in favor of the City with regard to Beverly's other takings claim and Beverly's claim under the First Amendment. Also before us are cross-appeals of the district court's award of attorney's fees to Beverly.

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I. Fifth and Fourteenth Amendment Takings Claims

We need not resolve whether this claim is ripe under the standards articulated in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). *Williamson* sets forth a prudential rule, *see Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733–34 & n. 7, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997), and we may therefore assume without deciding that the takings claims are ripe in order to reject them on the merits. *See Weinberg v. Whatcom County*, 241 F.3d 746, 752 n. 4 (9th Cir.2001); *accord Grubbs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir.2006).

■ Beverly has failed to establish a protectable property interest. The Warhol mural did not contain "advertising" within the meaning of California's Outdoor Advertising Act. *See* Cal. Bus. & Prof. Code § 5412. Whatever the scope of that term, we do not construe it to encompass an art mural erected for purely aesthetic purposes. The doctrine of constitutional avoidance does not counsel otherwise. First, the term "advertising" in § 5412 is not ambiguous in a manner that permits this court to construe it as reaching decorative displays. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 494, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001) (holding that constitutional avoidance "has no application in the absence of statutory ambiguity"). Second, we are not convinced that construing "advertising" in the broad manner advocated by Beverly would avoid more constitutional dilemmas than it would create, given that term's repeated use throughout the Outdoor Advertising Act. We therefore affirm the district court's conclusion that Beverly had no protectable property interest in the mural on the west wall.

■ The Veterans mural on the east wall did contain advertising, but it was not "lawfully erected" under § 5412. The City did not concede that the Veterans mural was lawfully erected. Both Lisa Heep's letter and the City's briefs in the district court plainly made only a conditional concession: that *if* the murals contained no letters intended to advertise *then* they would be lawful. Heep's mistake regarding the premise (that the Veterans mural contained no letters intended to advertise) did not amount to a concession regarding the legal conclusion (that it was lawfully erected) relied upon by the district court. Moreover, Beverly has failed to demonstrate that "serious injustice" would result if the City were not held to Heep's mistaken belief that the east wall mural did not contain letters intended to advertise. *See S & M Inv. Co. v. Tahoe Reg'l Planning Agency*, 911 F.2d 324, 329 (9th Cir.1990). We accordingly reverse the district court's ruling with regard to the takings claim based on the east wall mural and vacate the judgment and equitable relief granted below.

## II. First Amendment Claims

■ The City did not violate the First Amendment either in adopting the new sign ordinance, *see* West Hollywood Municipal Code § 19.34.010 et seq., or in applying that ordinance to Beverly. Beverly failed to raise in its opening brief its argument that the new ordinance facially discriminates between commercial and noncommercial tall walls. That argument is therefore waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999). With regard to Beverly's as-applied challenge, Beverly has cited no evidence from which a reasonable juror could conclude that the City applied the new ordinance's tall wall restrictions only to commercial speech. Nothing in the timing of the citations sug-

gested discriminatory enforcement: the new ordinance went into effect on May 1, 2001 and the City cited Beverly immediately thereafter in June 2001. Nor did the City concede below that it had been applying the ordinance only to commercial tall walls. We therefore assume that the new sign ordinance applies equally to noncommercial and commercial speech.

Beverly's argument that the City's aesthetic interest, unless coupled with a traffic safety interest, is not sufficiently substantial under the test articulated in *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 566, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), is foreclosed by *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 807, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).

We agree with the district court that the new sign ordinance "directly advances the governmental interest asserted." *See Central Hudson,* 447 U.S. at 566, 100 S.Ct. 2343. The City submitted evidence that the sign code's restrictions on commercial tall walls sought to preserve and augment the differing characters of Sunset Boulevard and other areas of the city. Moreover, "[a]s to whether the City's [aesthetic] interests are served by the Sign Code, we generally defer to the legislative body passing the law." *G.K. Ltd. Travel v. City of Lake Oswego,* 436 F.3d 1064, 1073 (9th Cir.2006). We disagree with Beverly that the sign code is internally inconsistent in encouraging tall wall commercial speech on Sunset Boulevard and generally prohibiting it elsewhere. The City's goal is to channel such speech to Sunset Boulevard, which is known for its flamboyant billboards, while simultaneously maintaining a more reserved aesthetic elsewhere.

Finally, the new tall wall restrictions are "no more extensive than is necessary to serve" the City's interest. *Central Hudson,* 447 U.S. at 566, 100 S.Ct. 2343. Beverly has not shown that there could be less restrictive means for the city to accomplish its legitimate goals.

**III. Fees**

We dismiss the attorney's fees appeals as moot.

**AFFIRMED IN PART, REVERSED AND VACATED IN PART, DISMISSED IN PART.**